UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

<u>United States of America</u>

      v.                                   Case No. 11-cr-64-1-SM
                                         Opinion No. 2023 DNH 132

<u>Adrian-Tiberiu Oprea</u>


**<u>O R D E R</u>**


Adrian-Tiberiu Oprea is a federal prisoner currently being held at the Federal Correctional Institution in Berlin, New Hampshire.[1]  Invoking the provisions of 18 U.S.C. § 3582(c), he petitions the court to modify his existing sentence to <u>add</u> a term of supervised release to the end of his period of incarceration.  That seemingly odd request is driven by Oprea's desire to benefit from certain programs created under the First Step Act (FSA) and administered by the Bureau of Prisons (BOP). Specifically, Oprea says he has earned a substantial number of

---

[1]    Parenthetically, the court notes that in his various appearances in this court, petitioner appears as "Adrian-Tiberiu Oprea."  The Bureau of Prisons, however, reports his name as "Oprea Adrian-Tiberiu."  <u>See, e.g.</u>, <u>Oprea v. Warden, FCI Berlin</u>, No. 23-cv-141-SM, Declaration of Maury Yeakel (document no. 6-2), para 4, n.1.  In this order, the court will refer to him simply as "Oprea."

FSA time credits by successfully completing various BOP-administered, evidence-based recidivism reduction programs. According to Oprea, 365 of those accumulated time credits would ordinarily be applied toward his early release to supervision. Oprea's problem is this: he was not originally sentenced to a period of supervised release.  In this proceeding, he seeks to change that.

The government objects, saying Oprea's inability to apply earned FSA time credits does not constitute an "extraordinary and compelling" reason to alter his sentence.  See 18 U.S.C. § 3582(c)(1)(A)(i).  Moreover, says the government, Oprea has failed to demonstrate that he is not a danger to the community or that his release would be consistent with the sentencing factors described in 18 U.S.C. § 3553(a).  The court disagrees and, for the reasons given, Oprea's motion seeking resentencing under 18 U.S.C. § 3582 is granted.

### Background

Oprea is a citizen of Romania, currently serving a 180-month term of imprisonment, with no term of supervision.  He is the subject of an Immigration and Customs Enforcement ("ICE") detainer that was lodged against him in April of 2022.  He is not, however, subject to a final order of removal.

With the benefit of accumulated good time credits, his anticipated "Final Statutory Release Date" is September 10, 2024.  See Oprea v. Warden, FCI Berlin, 23-cv-141-SM ("Oprea I"), Sentence Monitoring Computation Data (document no. 6-3) at 1.  Oprea has no history of disciplinary action in the past 12 months, he is a low security inmate, and the BOP reports that he has not engaged in any known acts of violence or gang-related activity.  Additionally, the BOP itself has assessed that he presents a minimum risk of recidivism.  None of that is in dispute.  See Oprea I, Response to Request for Administrative Remedy (document no. 7-2) at 2-3.

If Oprea had originally been sentenced to serve a term of supervised release (as he surely would have been in the ordinary course), he would be able to apply up to 365 of the FSA time credits that he has earned toward his early release to supervised release (assuming, of course, he meets other program eligibility criteria).  That, says Oprea, would shorten his period of incarceration and move his anticipated release date forward by one year, to September 23, 2023.  See Oprea I, Petition (document no. 1) at 7.  Critically, however, when this court sentenced Oprea it consciously declined to impose a term of supervision because he is not a citizen of the United States and faces likely deportation at the completion of his sentence.

<u>See</u> Transcript of Sentencing Hearing (document no. 128-2) at 33
("Given the likelihood of deportation following completion of
the defendant's sentence, the Court will not impose a period of
supervised release.").  Consequently, there is no term of
supervision to which Oprea might be released early.

Indeed, the FSA specifically contemplates the logical
proposition that only inmates sentenced to serve a term of
supervision may apply earned FSA time credits to secure early
release to that term of supervision.  <u>See</u> 18 U.S.C. § 3624
(g)(3) ("<u>If the sentencing court included</u> as a part of the
prisoner's sentence a requirement that the prisoner be placed on
<u>a term of supervised release</u> after imprisonment pursuant to
section 3583, the Director of the Bureau of Prisons may transfer
the prisoner to begin any <u>such term of supervised release</u> at an
earlier date, not to exceed 12 months, based on the application
of time credits under section 3632.") (emphasis supplied).  <u>See
also</u> 28 C.F.R. § 523.44(d) ("The Bureau may apply FSA Time
Credits toward early transfer to supervised release under 18
U.S.C. 3624(g) <u>only</u> when an eligible inmate has . . . a term of
supervised release after imprisonment included as part of his or
her sentence as imposed by the sentencing court.") (emphasis
supplied).  <u>See generally</u> <u>Saleen v. Pullen</u>, No. 3:23-CV-147
(AWT), 2023 WL 3603423, at *1 (D. Conn. Apr. 12, 2023).

4

Given that Oprea was not sentenced to serve a term of supervised release, it is impossible for him to apply earned FSA time credits toward early release to supervision.  Hence, his apparently counterintuitive request that the court impose upon him a new, more restrictive sentence that includes a term of supervision.

**Discussion**

I.   <u>The Relevant Factors under Section 3553(a)</u>.

Section 3582 of Title 18 provides that the court may modify an imposed term of imprisonment if, after considering the factors set forth in 18 U.S.C. § 3553(a), it determines that "extraordinary and compelling reasons warrant such a reduction" and that "such a <u>reduction</u> is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(a(c)(1)(A)(i)  (emphasis supplied).

Plainly, section 3582 contemplates the situation in which an inmate is seeking a <u>reduction</u> to his or her original sentence.  What makes this case unusual is that Oprea is not seeking a reduction in his sentence – he is seeking a modest <u>increase</u> to that sentence.  He is not asking this court to shorten his term of imprisonment, nor is he asking this court to order his early release from BOP custody.  Rather, he seeks the

imposition of a brief period of supervision so that he will qualify for a BOP-administered program that <u>could</u> lead to his early release from prison if, but only if, the BOP deems it appropriate and consistent with governing program guidelines. Consequently, section 3582 does not fairly contemplate the type of request advanced by Oprea and sets forth factors that are not entirely germane to that request.  Instead, those factors plainly contemplate the typical "compassionate release" situation in which an inmate seeks a sentence <u>reduction</u> and court-mandated early release from BOP custody.  The court will, nevertheless, consider those factors – in part, because it is likely that the relief Oprea seeks (i.e., solely an augmentation of his sentence) may not be permissible under 18 U.S.C. § 3582.

The factors identified in 18 U.S.C. § 3553(a) include: the nature of the inmate's offense and his or her history and characteristics; the need for the sentence imposed (including the seriousness of the underlying offense, the need for just punishment and deterrence, the need to protect the public, and the desire to provide the inmate with educational and vocational training); the kinds of sentences available; the relevant sentencing range; any pertinent policy statement issued by the Sentencing Commission; and the need to avoid unwarranted sentence disparities.

II.   <u>The Sentencing Commission's Policy Statement</u>.

In addition to the sentencing factors set forth in section 3553(a), the court must also consider "any pertinent policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(a).  The currently-applicable Policy Statement under section 1B1.13 of the Sentencing Guidelines provides that "the court may <u>reduce</u> a term of imprisonment" if it determines that "extraordinary and compelling reasons warrant the reduction" and finds that the inmate is "not a danger to the safety of any other person or to the community."  U.S.S.G. § 1B1.13, Policy Statement, section 1(A) and 2.  Such extraordinary and compelling circumstances include the medical condition of the inmate, his or her age, their family circumstances, and "other reasons" that include "an extraordinary and compelling reason other than, or in combination with, the reasons described [above]."  U.S.S.G. § 1B1.13, Policy Statement, Application Notes, section 1(D).  But, as the court of appeals for this circuit has observed, that Policy Statement predates the First Step Act and contemplates only motions to amend inmates' sentences that are initiated by the BOP, not requests made by inmates themselves (as are now permitted).

> The short of it is that the Sentencing Commission's
> current policy statement is <u>not applicable to
> prisoner-initiated motions</u> for compassionate release,
> and the Commission has not yet issued a policy

statement applicable to such motions.  The policy
statement referred to by the district court (that is,
the current policy statement) is applicable only to
compassionate-release motions brought by the BOP.  We
hold, therefore, that district courts — when
adjudicating prisoner-initiated motions for
compassionate release — have discretion, <u>unconstrained</u>
<u>by any policy statement currently in effect</u>, to
consider whether a prisoner's particular reasons are
sufficiently extraordinary and compelling to warrant
compassionate release.

<u>United States v. Ruvalcaba</u>, 26 F.4th 14, 22–23 (1st Cir. 2022)

(emphasis supplied).[2]   Consequently, the Court of Appeals

concluded that:

> it is within the district court's discretion, in the
> absence of a contrary directive in an applicable
> policy statement, to determine on a case-by-case basis
> whether such changes in law predicated on a
> defendant's particular circumstances comprise an
> extraordinary and compelling reason and, thus, satisfy
> the standard for compassionate release under section
> 3582(c)(1)(A)(i).

<u>Id</u>., at 28.

III. <u>Circumstances Warrant Granting Relief</u>.

     The reasoning underlying the government's opposition to

Oprea's motion is difficult to understand.  The government's

memorandum approaches Oprea's request for relief as if he is

---

[2]     As the government notes, the Sentencing Commission has
issued an amended policy statement (addressing inmate-initiated
petitions for compassionate release), which will become
effective in November of 2023.

seeking a "sentence reduction."  See Government's Opposition
(document no. 128) at 4.  As noted above, he is not.
Resentencing him to serve an additional period of supervised
release will simply make him eligible to participate in the BOP-
administered program that affords a limited number of qualifying
inmates early release to supervision; it will not guarantee
Oprea's early release.  Only if Oprea meets all of the program's
eligibility requirements – as determined by the BOP – will he be
afforded early release.  Indeed, for Oprea to qualify for early
release to supervised release, the BOP must, among other things,
determine that he poses "a minimum or low risk to recidivate
pursuant to the last reassessment of the prisoner." 18 U.S.C.
§ 3624(g)(1)(D)(ii).  Inmates who pose a potential danger to the
community – that is, those more likely to recidivate – are not
eligible to apply earned FSA time credits toward early release.
See 18 U.S.C. § 3624(g)(1)(D)(i) and (ii).  And, of course, if
released to supervision, Oprea is likely to be deported.

    Considering the factors identified in 18 U.S.C. § 3553(a)
in light of Oprea's unique circumstances, the court concludes
that none counsels against adding a brief period of supervised
release to Oprea's sentence.  Indeed, several factors counsel in
favor of it.  For example, making relief of the sort sought by
Oprea available to federal inmates who were not sentenced to a

term of supervision will encourage otherwise-ineligible inmates
to participate in the evidence-based recidivism reduction
programs offered by the BOP under the First Step Act.  See 18
U.S.C. § 3553(a)(2)(D).  That, in turn, facilitates the general
public policy goal of protecting the public from future criminal
activity.  See 18 U.S.C. § 3553(a)(2)(C).  Absent such relief,
one would expect that inmates without a term of supervised
relief will be less likely to participate in such programs, to
the detriment of society as a whole.

Turning next to the provisions of 18 U.S.C. § 3582, the
court concludes that Oprea's particular circumstances combine to
form extraordinary and compelling reasons to warrant a sentence
modification.  First, the government's assertion that Oprea has
failed to demonstrate that he poses no danger to the community
is contradicted by the BOP's own determination that Oprea poses
a "minimum" risk of recidivism, based upon its experience,
expertise, and observations.  See Oprea I, Response to Request
for Administrative Remedy (document no. 7-2) at 2-3.  The
government does not suggest any supportable or supported basis
for its apparent contrary opinion.

Additionally, while an inmate's rehabilitation is not, by
itself, an extraordinary or compelling reason for purposes of

10

resentencing, it seems to be a factor, see 28 U.S.C. § 994(t) –
though the Court of Appeals has implied, in dicta, it is not a
particularly strong factor, see, e.g., United States v.
Ruvalcaba, 26 F.4th 14 (2022).  So, to the extent it bears on
the court's decision, it is worth noting that Oprea has
successfully completed numerous BOP-administered evidence-based
recidivism reduction programs, through which he has earned a
significant number of FSA time credits – all while maintaining a
clean disciplinary record.

Viewing the totality of the circumstances presented by
Oprea's petition, the court finds that there are "extraordinary
and compelling reasons" that warrant the modification of his
sentence so that it includes a term of supervised release.  See
18 U.S.C. § 3582(c).  Indeed, but for Oprea's likely
deportation, the court would have originally sentenced him to a
significant period of supervision.  Absent such relief, the
goals of the First Step Act cannot be fully realized.  Moreover,
nothing in the record counsels against affording Oprea the
opportunity to be considered by the BOP for early release under
First Step Act.

In light of the foregoing, the court concludes that the
relief Oprea seeks (as modified below) is both authorized and

appropriate.  See generally United States v. Nunez-Hernandez,
No. CR 14-20(8) (MJD), 2023 WL 3166466, at *1 (D. Minn. Apr. 27,
2023) (granting petitioner's request for resentencing and
imposing one month of supervised release so petitioner might
obtain early release from BOP custody into the custody of ICE,
pursuant to 18 U.S.C. § 3624(g)(3)).


## Conclusion

Based upon the record before the court, it appears that
Oprea has faithfully participated in (and completed) numerous
BOP-administered, evidence-based recidivism reduction programs
under the First Step Act and accumulated a significant number of
FSA time credits.  He has also earned (and is projected to
continuing earning) a significant number of good time credits.
He has no history of discipline over the last 12 months; he has
not participated in any gang-related activity or known acts of
violence while incarcerated; he is a "low security" inmate; he
has maintained a "minimum PATTERN recidivism score" under BOP
testing; and he has served a significant portion of his 15-year
sentence.  Granting the relief he seeks is entirely consistent
with, and advances the goals of, the First Step Act.
Accordingly, pursuant to 18 U.S.C. § 3582(c)(1), the court
concludes that resentencing Oprea to serve an additional period

of supervised release at the end of his term of imprisonment is warranted.  His motion is granted (**document no. 125**).

Oprea's sentence shall be modified to reduce the period of incarceration by one month and to impose a period of supervised release of one year, subject to the standard and mandatory conditions imposed by this court.  <u>See</u> 18 U.S.C. § 3582.  <u>See also</u> <u>United States v. Nienadov</u>, 2023 WL 4139026 (S.D. Texas June 21, 2013)(reducing petitioner's incarcerative sentence by one month and adding a one-year period of supervised release so that he might benefit from the provisions of the First Step Act).  An amended judgment shall be entered on the docket.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

October 20, 2023

cc:  Adrian Tiberiu Oprea, pro se
     Heather A. Cherniske, Esq.
     U.S. Probation
     U.S. Marshal